UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL HOLT<br><br>    **Plaintiff,**<br><br>          v.<br><br>MANDARIN PALACE, INC.<br>d/b/a Mandarin Palace<br><br>    **Defendant.** | Case Number 05 cv 1744<br>Judge: James Robertson |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Mandarin Palace, Inc. ("Mandarin"), by and through undersigned counsel, hereby answers the Complaint of Plaintiff Russell Holt ("Holt") and states as follows:

## FIRST DEFENSE

In response to the numbered paragraphs of the Complaint, the Defendant responds as follows:

1. Paragraph one constitutes a legal conclusion to which no response is required.

2. Paragraph two constitutes a legal conclusion to which no response is required.

3. Defendant lacks sufficient information to form a belief as to the truth or falsity of Holt's residency, disability, employment, visit to the property at issue, or intention to return. Defendant denies that Holt was denied full, sage, and equal access to the premises.

4. Defendant admits it is a domestic corporation, admits it operates the restaurant, but denies each and every other allegation contained in paragraph four.

5. Defendant denies that the events giving rise to this lawsuit ever occurred, but to the extent that the events occurred, all events occurred within the District of Columbia.

**Count I**

6. Defendant incorporates by reference its responses set forth in the above paragraphs.

7. The Americans With Disabilities Act ("ADA") speaks for itself and Defendant denies any allegations which differ from same.

8. Defendant admits that Mandarin operates as a restaurant providing goods and services to the public, and states that the remainder of paragraph eight contains legal conclusions to which no response is required.

9. Denied.

10. Defendant lacks sufficient information to form a belief as to the truth or falsity of Plaintiff's desire to visit the restaurant, and denies the remaining allegations of paragraph 10.

11. Paragraph eleven consists of a legal conclusion to which no response is required.

12. Denied.

13. Denied.

14. Denied.

15. Defendant states that the ADA speaks for itself and denies any allegations which differ from same, and denies that it has failed to comply with the ADA.

16. Denied.

17. Defendant states that the United States Code speaks for itself and denies any allegations which differ from same.

In response to the un-numbered paragraphs following paragraph 17, Defendant states that Defendant has not violated the ADA, and that Plaintiff is not entitled to any relief whatsoever.

## SECOND DEFENSE

The Defendant denies all allegations not specifically admitted.

## THIRD DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

Plaintiff's claims are barred by his own breaches, negligence, and wrongful and/or fraudulent conduct.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

## SIXTH DEFENSE

The Complaint is barred by the doctrine of laches.

## SEVENTH DEFENSE

The modifications sought by the Plaintiff are not reasonable

## EIGHTH DEFENSE

Plaintiff was not denied full and equal enjoyment based upon his disability

## NINTH DEFENSE

The modifications sought by Plaintiff are not necessary to provide accommodations to individuals with disabilities

## TENTH DEFENSE

Plaintiff's claim for attorney's fees is not warranted as Plaintiff's claims are frivolous.

Defendant further reserves the right to raise any and all defenses available in law or in all defenses available in law or in fact that may be revealed through discovery or at trial.

/s/ **ANDREW J. KLINE**
Andrew J. Kline [358547]
Scott H. Rome [476677]
LAW OFFICES OF ANDREW J. KLINE
1225 Nineteenth Street, NW, Suite 320
Washington, DC 20036
(202) 686-7600
Counsel for Defendant